IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NATIONAL SPECIALTY INSURANCE COMPANY, <br> Plaintiff, <br><br> v. <br><br> HOPE TRANS LLC, et al., <br> Defendants. | § § § § § § § § § § | <br><br><br><br> No. 3:25-CV-2791-L-BW <br><br><br> Referred to U.S. Magistrate Judge[1] |

## MEMORANDUM OPINION AND ORDER

Plaintiff National Specialty Insurance Company ("NSIC") filed a Motion for Substituted Service of Defendants Aishat Magomedova and Sarvar Muradov on January 21, 2026. (Dkt. No. 56.) For the reasons explained below, the motion is **GRANTED**.

## I. BACKGROUND

This action arises out of a multi-fatality motor vehicle accident that occurred in Kaufman County, Texas, on June 28, 2025. NSIC had issued a commercial auto insurance policy to Hope Trans LLC, owner of a Freightliner semi-tractor involved in the accident. (*See* Dkt. No. 11 ("Am. Compl.").) NSIC brought this interpleader action to resolve numerous claims that have been made on its policy. Included among the defendants are Magomedova and Muradov, who are alleged to be former owners of Hope Trans. (*Id.* ¶¶ 6.5, 6.6.)

---

[1] United States District Judge Sam A. Lindsay has referred this case to the undersigned magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b). (Dkt. No. 4.)

NSIC details in the instant motion the attempts it has made to bring Magomedova and Muradov into this action. After requests for waivers of service through these defendants' common attorney were declined, NSIC employed a process server to attempt service at their joint residence, which was believed to be 8431 Prestbury Drive in Orlando, Florida. The process server made four attempts to serve the defendants at that address—thrice during morning hours and once in the evening—between December 1 and December 12, 2025, each time receiving no answer at the door. The process server noted each time that there was a stroller on the front porch and a vehicle parked in the driveway. The vehicle in the driveway on the fourth visit was not the same as the one observed during the first three attempts. On the fourth visit, the process server also noted that the defendants' names were on the call box, but there also was no answer on the call box.

NSIC requests authorization to serve Magomedova and Muradov by other means. Specifically, it asks to serve them by attaching a copy of the summonses and amended complaint to the front door of their residence. NSIC specially notes that it does not seek authorization to serve these defendants through electronic means under Tex. R. Civ. P. 106(b)(2) because their social media and other electronic accounts are unknown to NSIC.

## II.  LEGAL STANDARDS

Federal Rule of Civil Procedure 4(e) provides that "an individual . . . may be served in a judicial district of the United States by . . . following state law for serving

a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).

This Court is located in the state of Texas, and NSIC seeks to effect service in Florida. Its motion is premised on effecting substituted service by means authorized by Texas Rule of Civil Procedure 106, which provides:

> (a) Unless the citation or court order otherwise directs, the citation must be served by:
>
>> (1) delivering to the defendant, in person, a copy of the citation, showing the delivery date, and of the petition; or
>>
>> (2) mailing to the defendant by registered or certified mail, return receipt requested, a copy of the citation and of the petition.
>
> (b) Upon motion supported by a statement—sworn to before a notary or made under penalty of perjury—listing any location where the defendant can probably be found and stating specifically the facts showing that service has been attempted under (a)(1) or (a)(2) at the location named in the statement but has not been successful, the court may authorize service:
>
>> (1) by leaving a copy of the citation and of the petition with anyone older than sixteen at the location specified in the statement; or
>>
>> (2) in any other manner, including electronically by social media, email, or other technology, that the statement or other evidence shows will be reasonably effective to give the defendant notice of the suit.

Tex. R. Civ. P. 106.

So, under Texas Rule 106(b), if a plaintiff's attempts to serve a defendant in person or by registered or certified mail are unsuccessful, a court may authorize

substituted service only after receiving the required sworn statement and only in a manner that is reasonably calculated to provide notice. *See* Tex. R. Civ. P. 106(b); *State Farm Fire & Cas. Co. v. Costley*, 868 S.W.2d 298, 299 (Tex. 1993). If a defendant is absent or a nonresident of Texas, that defendant still may be served in the same manner as a resident defendant. *See* Tex. R. Civ. P. 108.

As to the sworn statement requirement, "[t]he court may authorize substituted service pursuant to Rule 106(b) only if the plaintiff's supporting affidavit strictly complies with the requirements of the Rule." *Mockingbird Dental Grp., P.C. v. Carnegie*, No. 4:15-CV-404-A, 2015 WL 4231746, at *1 (N.D. Tex. July 10, 2015) (citing *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990)). The supporting sworn statement must state (1) "the location of the defendant's usual place of business or usual place of abode or other place where the defendant can probably be found" and (2) "specifically the facts showing that" traditional service under Rule 106(a) has been attempted "at the location named in the statement but has not been successful." Tex. R. Civ. P. 106(b).

### III. ANALYSIS

NSIC's counsel, Dacy L. Ibach, provides an affidavit in support of the motion to establish the steps that have been taken to effect personal service on Magomedova and Muradov, and her affidavit attaches the returns of non-service executed by Jason A. Kromash, the process server who attempted service at the defendants' home. (*See* Dkt. No. 56-1.) Together they document the four attempts to serve the defendants and observations from those attempts recounted above.

NSIC's motion is supported by an affidavit that complies with Tex. R. Civ. P. 106(b). It establishes several unsuccessful attempts to serve Magomedova and Muradov at their residence and, based on the names observed on the call box, corroborates that they reside there. Additionally, the regular observation of personal items and a vehicle—including a different vehicle on the final attempt—provides some indicia of habitation and activity.

Based on the affidavit and attachments, the Court concludes that an alternative method of service is appropriate under Tex. R. Civ. P. 106(b). Courts have allowed substituted service by attaching a copy of the summons and complaint on the front door of a defendant's residence. *See, e.g.*, *First Call Int'l, Inc. v. S&B Glob., Inc.*, No. 4:23-CV-199-P, 2023 WL 10674963, at *2 (N.D. Tex. Sept. 20, 2023) (collecting cases); *Sanchez v. Hogan*, No. 3:19-CV-2190-BH, 2020 WL 470223, at *2 (N.D. Tex. Jan. 29, 2020). NSIC has shown that affixing copies of the summonses and amended complaint to the front door of the defendants' residence at 8431 Prestbury Drive, Orlando, Florida is reasonably likely to give the defendants actual notice of the lawsuit as required. Therefore, the Court finds that this manner of substitute service under Tex. R. Civ. P. 102(b)(2) is appropriate.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion for Substituted Service of Defendants Aishat Magomedova and Sarvar Muradov. (*See* Dkt. No. 56.)

**SO ORDERED** on January 23, 2026.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE